The opinion of the Court was delivered by
DüNKIN, Ch.
This Court is not dissatisfied with the views of the evidence taken by the Chancellor from which he infers *14 that, at .the time of the purchase in 1839, the plaintiff had notice of the infirmity in E. M. Collier’s title, and consequently would not be entitled to recover on an implied warranty. But a majority of the Court are also of opinion that, after the contract has been fully executed and the money paid, it cannot be recovered back either from the administrator or distributees of an estate upon the ground of an implied warranty. It is very diflicult to add anything to what is said by Mr. Justice Evans (whose judgment vras that of the Court,) in Evans vs. Dendy, 2 Speer, 9. The doctrine of an implied warranty was an innovation upon the principles of the common law which required parties to examine for themselves, and, if they deemed it necessary, to protect themselves by proper covenants. Judges of the largest experience have often regretted the introduction of a different doctrine as the source of much unprofitable and vexatious litigation; and the universal opinion seems to prevail that it should not be further extended. It has been repeatedly held that the common law rule of caveat emptor applies to sheriff’s sales. No ease can be found in which a purchaser of personal property at the sales of an executor or administrator, who has paid his money, has been allowed to recover it back for unsoundness in the property or defect of title. In all the cases cited for the plaintiff this was relied upon by way of defence in an action for the purchase money, and the equitable distinction may have been recognized between an executed and an executory contract. Attempts have been made to go further, and to recover back the purchase money, but, so far as may be learned from the reports, the right has never been recognized. In O’Neall vs. Abney, 2 Bail. 318, the Court ruled that an administrator de bonis non was not liable on an implied warranty in a sale by his predecessor, the former administrator.— It was also there held that an administrator has no authority to bind the estate of his intestate by any contract, express or implied. That was an action to recover back the purchase money on account of the unsoundness of the property sold. But *15 Fuller vs. Fowler, 1 Bail. 75, was an action by the purchaser of a negro to recover from the distributee of an estate, the share of the purchase money which the distributee had received, the negro having been sold under an order of the Court of Equity for partition, and having proved to be unsound at the time of the sale. The plaintiff w’as non-suited on the ground that there was no privity of contract; which could not be, as was well declared in Evans vs. Dendy, if the law .implied a warranty in the sale by the commissioner. Substantially that case is decisive of this. The mode of distribution makes no difference in regard to the liability of the distributee. Without in any manner calling in question what has been heretofore decided in cases where the purchaser of personal property was defendant, we are content to adopt the rule of Evans vs. Dendy, when it is sought to recover back the purchase money either from the administrator or distributees of an estate, on the ground of an implied warranty.
It is ordered and decreed that the decree of the Circuit Court be affirmed and the appeal dismissed.
Daugan and WARDLAW, CC., concurred.

Feeree affirmed.